## FREDERICK A SCHMIDT CO v MALL

Ohio Appeals, 1st Dist, Hamilton Co

No 4690.   Decided Feb 25, 1935

Dolle, O'Donnell & Cash, Cincinnati, for plaintiff in error.

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, and Milton H. Schmidt, Cincinnati, for defendant in error.

**OPINION**

By HAMILTON, J.

It is to be noted that under its terms, the contract with the Schmidt Company,

had expired on the 15th day of October, some 10 or 11 days before the contract of sale was entered into with Robertson, Jr. Thus we see that the claimed right on the part of the plaintiff to recover was based on the fact that an agent of the plaintiff company had something to do with Robertson, Jr., looking at the house during the life of the contract. It is not claimed that any terms were entered into or that Robertson, Jr., was disposed to enter into a contract through the plaintiff company during the life of the contract.

In its brief the plaintiff in error seeks to divide the contract into two parts—first, the contract gives the exclusive right of sale to the Schmidt Company for a period of three months; second, that "you shall be entitled to your commission if the property is sold or exchanged by you, or the undersigned, or any other person at any price acceptable to the undersigned, during the existence of this contract." If this element of divisibility were present, it would not aid the plaintiff company, for the reason that under the language of the agreement, the plaintiff company would only be entitled to commission if the property was sold or exchanged **during the existence of this contract.**

The case under consideration is unlike the case of **Durrell v Reynolds, 24 C.C. (n. s.) 361.** In the Reynolds case the brokers did procure a purchaser ready, able, and willing to take the property at the agreed price, notwithstanding an infirmity in the purchaser's contract to purchase, while the purchaser at the time was really ready, willing, and able to take the property at the agreed price. In the instant case had the Schmidt Company secured a purchaser ready, willing, and able to take the property during the life of the contract, it would be entitled to the commission, notwithstanding the contract may not have been formally executed until after the expiration of the contract.

The only claim by the plaintiff company, as disclosed by the record is, that it, through its agent, did show the property to a man, who, after the expiration of the contract, did purchase the property at a different price from that named during the life of the contract. It does not claim it secured a purchaser at that time or during the life of the contract ready, willing, and able to take the property or otherwise. In fact it is a question of disputed evidence as to whether or not the Schmidt Company ever showed the property to Robertson, or ever interested him in the property. But

considering that the company may have, through an agent, shown the property to Robertson, Jr., it did not effect the sale made long after the expiration of the company's contract and at a different price. If the record disclosed that the sale was in fact entered into before the expiration of the contract and that the sale was fraudulently covered up, for the purpose of avoiding payment of the commission, it would not defeat the right to the commission, but no such claim is here made by the company, and nothing is in the record to show such a situation.

Our conclusion is, that the judgment of the trial court is correct in its finding that the plaintiff company was not entitled to recover, and in entering judgment for the defendant Mall, and that judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.