LAUCH, APPELLEE, *v.* BREITHOLLE, APPELLANT.

(No. 8070—Decided February 13, 1956.)

*Messrs. Magrish & Magrish,* for appellee.

*Mr. Harry Falk* and *Messrs. Rendigs, Fry & Kiely,* for appellant.

MATTHEWS, J.   On December 4, 1952, the plaintiff, a real estate broker, and the defendant, the owner of certain real estate located in Cincinnati, Ohio, entered into a contract, which was in the form of an offer by defendant and acceptance by the plaintiff, whereby the defendant agreed to execute "a contract for sale" of the real estate "for the sum of $30,000," authorized the plaintiff to procure a purchaser and agreed to pay him a commission of 5 per cent.   The defendant guaranteed the title to be good and agreed to convey title by general warranty deed *with release of dower.*   The offer of the defendant also contained the provision that "in consideration of your efforts to find a purchaser, we agree that you shall have the exclusive right to sell said property for 3 months.   It is further agreed that you shall be entitled to your commission if the property is sold during the existence of this contract by you, or the undersigned, or any other person at any price acceptable to the undersigned."

In his amended petition the plaintiff alleged that he obtained an offer of $28,000 from Edward H. Siddons and Lurena Siddons, his wife, who were joined as codefendants herein, and to whom the property was sold on July 16, 1953; and that the defendant and Edward H. Siddons "with the intention of defrauding plaintiff of his commission, did not notify plaintiff of the closing of the transaction and closed same without him and without paying him the commission due him."

The defendant Katherine Breitholle in her answer admitted that she contracted to and did convey the real estate in question to Edward H. Siddons and Lurena Siddons on or

about July 16, 1953, specifically denied that plaintiff procured a purchaser within the time limit of the agency contract sued upon, and denied that the sale to the Siddonses was brought about in any manner whatever by the plaintiff. The defendant Breitholle denied also, specifically, that any conspiracy had existed at any time to defraud the plaintiff in any manner whatsoever.

At the trial, it was made to appear without contradiction that the defendants were total strangers to one another until they met on July 16 to close the transaction, and that they had never discussed the subject of a commission for the plaintiff at any time. Accordingly, the Siddonses were dismissed from the action, and the trial proceeded against Katherine Breitholle, as sole defendant.

At the close of the evidence, the defendant moved for an instructed verdict and for judgment. These motions were overruled and the case was submitted to the jury under instructions by the court. The jury returned a verdict for the plaintiff, upon which judgment was entered, and a motion for new trial was overruled. This appeal by Katherine Breitholle is from that judgment.

From the above recital of facts, it will be observed that this appeal raises the question of whether the plaintiff, under the evidence, has earned the commission provided for in his contract of employment. It will be observed that his authority to negotiate a sale was expressly limited to three months from December 4, 1952, and the authority was limited to a sale for not less than $30,000.

In an effort to bring himself within the terms of the contract the plaintiff offered evidence that on January 31, 1953, and, again on February 7, 1953, he showed the property to Mr. and Mrs. Siddons, and on the following day Mrs. Siddons made an oral offer of $28,000 for the property and gave him a check for $500 as earnest money. On February 8, 1953, the plaintiff telephoned the defendant and told her of the offer of $28,000, but did not divulge the name of the prospective purchaser. The evidence is conflicting as to what the defendant said to the plaintiff when he submitted this offer, but construed most favorably to the plaintiff, she said she would be willing to sell for $28,000, provided her husband would agree to it and join in releasing

his dower. She at all times imposed this condition and, according to the plaintiff, told him on numerous occasions that her husband had not agreed. Finally, the plaintiff returned the earnest money to Mrs. Siddons and, on June 13, 1953, told Mrs. Siddons that she might telephone the defendant and endeavor to get her to close the transaction. According to Mrs. Siddons, the plaintiff, in that conversation, told her that he expected nothing out of it.

As a result of the conversation of June 13, 1953, Mrs. Siddons telephoned the defendant and made an offer of $28,000, which the defendant took under advisement and finally accepted, and the conveyance was made on or about July 13, 1953.

Now, in the light of this evidence, did the plaintiff show performance of the conditions entitling him to the commission? We think he did not. Before giving the reasons for that conclusion, we shall point out that there was no evidence of fraud or conspiracy as alleged by plaintiff. There could not have been for the reason that during all this time up to June 13, 1953, the defendants were complete strangers to one another.

We, therefore, have the case of a real estate agent who has a contract authorizing him to sell for $30,000, within three months, who seeks to recover upon proof that during the three months he obtained an unenforceable offer of $28,000, which the owner of the real estate refused to accept. That she had a right to refuse is undeniable, because the broker had been given no authority to sell at that price.

It is suggested that the defendant was personally willing to sell and was only deterred by the refusal of her husband to concur. Whatever the reason, it is undisputed that she refused to accept the offer. The intimation is also made that defendant's refusal to accept, unless her husband joined in the acceptance, was unfair to the plaintiff, and, perhaps, prevented him from earning his commission. We see nothing in the conduct of the defendant that hampered or prevented the plaintiff from obtaining an enforceable offer for $30,000 within the three months period, and thereby earn his commission. He was not deterred from obtaining from another an enforceable offer which conformed with his authority, within the three months period.

We believe the case of *Frederick A. Schmidt Co.* v. *Mall*, 50 Ohio App., 177, 197 N. E., 790, decided by this court in 1935, sets forth the correct rule to be applied in this case. We quote the syllabus:

"A real estate company is not entitled to recover a commission on a sale of property made after the expiration of the contract under which it claims, which provides for a commission only when the property is sold 'during the existence' of the contract, and no purchaser, ready, able and willing to take the property at the agreed price, had been procured during the life of the contract, and it is disputable whether the purchaser had been interested in the property by an agent of such company."

See, also, *Frederick A. Schmidt, Inc.,* v. *Brock,* 97 Ohio App., 469, 127 N. E. (2d), 219; 8 American Jurisprudence, 1084 *et seq.,* Section 168 *et seq.*

On the record, we are of the opinion that it affirmatively appears that the defendant is entitled to judgment and that the court erred in overruling her motion therefor.

For these reasons, the judgment is reversed and final judgment entered for the defendant.

*Judgment reversed.*

Ross, P. J., and Hildebrant, J., concur.